Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARIA MARTINEZ GUEVARA,

*Plaintiffs*,

-against-

YORE FOUR CORP. d/b/a Mercado Azteca & Deli, MERCADO AZTECA & PK DELI CORP, AZTECA PIZZA INC., LUIS GALINDO and ORLANDO GALINDO

*Defendants*.

------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No:** 26-cv-8984

MARIA MARTINEZ GUEVARA ("Plaintiff(s)") by and through their attorney, Colin Mulholland, Esq., as against YORE FOUR CORP. d/b/a Mercado Azteca and Deli, MERCADO AZTECA & PK DELI CORP., AZTECA PIZZA INC., LUIS GALINDO and ORLANDO GALINDO (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of MERCADO AZTECA and DELI and AZTECA PIZZERIA that were owned and operated by Defendants YORE FOUR CORP. d/b/a Mercado Azteca and Deli, MERCADO AZTECA & PK DELI CORP., AZTECA PIZZA INC., LUIS GALINDO and ORLANDO GALINDO.

2. Defendants own, operate, and/or controlled a deli market and a pizzeria located at 1101-1109 Main Street, Peekskill, NY 10566 and 405 Sprout Brook Rd, Garrison, NY 10524, respectively

3. Plaintiff MARIA MARTINEZ GUEVARA was employed by Defendants as a prep cook, clerk, cashier, server and general laborer.

4. At all times relevant to this Complaint, Plaintiff(s) worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

5. Further, Defendants failed to pay Plaintiff(s) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6. Plaintiff(s) now bring(s) this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

**THE PARTIES**

9. Plaintiff MARIA MARTINEZ GUEVARA is an adult individual residing Westchester County. Plaintiff MARIA MARTINEZ GUEVARA was employed by Defendants from approximately August 2022 until June 30, 2025.

10. YORE FOUR CORP. d/b/a Mercado Azteca & Deli is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1101-1109 Main Street, Peekskill, NY 10566 and 405 Sprout Brook Rd, Garrison, NY 10524.

11. MERCADO AZTECA & PK DELI CORP is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1101-1109 Main Street, Peekskill, NY 10566 and 405 Sprout Brook Rd, Garrison, NY 10524.

12. AZTECA PIZZA INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1101-1109 Main Street, Peekskill, NY 10566 and 405 Sprout Brook Rd, Garrison, NY 10524.

13. Each YORE FOUR CORP. d/b/a Mercado Azteca & Deli, MERCADO AZTECA & PK DELI CORP and AZTECA PIZZA INC. are a closely held corporations owned and operated by Defendants LUIS GALINDO and ORLANDO GALINDO.

14. Defendant LUIS GALINDO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant LUIS GALINDO is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

15. Defendant LUIS GALINDO possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

16. Defendant LUIS GALINDO implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

17. Defendant LUIS GALINDO had the authority to hire and fire Plaintiff and all other employees.

18. Defendant LUIS GALINDO directly and personally hired Plaintiff and discharged Plaintiff.

19. Defendant LUIS GALINDO set Plaintiff's pay rate without a premium for his overtime hours.

20. Defendant LUIS GALINDO was the exclusive person with whom Plaintiff complained about his pay and work related issues.

21. Defendant LUIS GALINDO set and altered Plaintiff's schedules by setting his entry and exit times.

22. Defendant LUIS GALINDO disciplined and admonished Plaintiff about his work performance such as by verbally admonishing him and controlling work assignments.

23. Defendant LUIS GALINDO had the final word on all decisions at the deli market and pizzeria including which executory contracts to enter into for the business, including but not limited to the lease.

24. Defendant LUIS GALINDO physically issued pay to the Plaintiff on pay day.

25. Defendant LUIS GALINDO supervised the operations of the deli market and pizzeria including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performance at the business.

26. Defendant LUIS GALINDO controlled the payroll records and pay practices of the deli market and pizzeria.

27. Defendant LUIS GALINDO controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

28. Defendant LUIS GALINDO was the person who controlled payroll funds for employees including Plaintiff.

29. Defendant ORLANDO GALINDO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

30. Defendant ORLANDO GALINDO possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

31. Defendant ORLANDO GALINDO implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

32. Defendant ORLANDO GALINDO had the authority to hire and fire Plaintiff and all other employees.

33. Defendant ORLANDO GALINDO controlled the revenue that came into the business.

34. Defendant ORLANDO GALINDO was a person who controlled payroll funds for employees including Plaintiff.

35. Defendant ORLANDO GALINDO was the CEO of Yore Four Corp.

36. Defendants willfully and maliciously failed to keep proper time and pay records in order to thwart Plaintiffs' ability to vindicate their due wages.

**FACTUAL ALLEGATIONS**

37. Defendants are associated and joint employers, act in the interest of each other.

38. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

39. Defendant suffered the services of Plaintiff contemporaneously.

40. Defendants are experienced deli market and pizzeria operators and willfully and maliciously failed to pay Plaintiff correctly as an intentional business practice.

41. Defendants willfully and maliciously failed to maintain proper records in order to hide a paper trail of their wage theft so as to thwart the Plaintiff's ability to vindicate their rights.

42. Defendants knew or should have known of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

43. Defendants jointly employed Plaintiff(s) and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL. In the alternative, Defendants constitute a single employer of each Plaintiff.

44. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

45. In the years 2023 through 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

46. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at MERCADO AZTECA and DELI and AZTECA PIZZERIA, such as coffee, vegetables, potatoes, breads, flour, eggs, milk, meats, beverages, and cleaning supplies, were produced outside the State of New York.

47. Plaintiff(s) were individually engaged in interstate commerce by virtue of processing of credit card transactions on behalf of the Defendants, inter alia.

*Plaintiff MARIA MARTINEZ GUEVARA*

48. Plaintiff MARIA MARTINEZ GUEVARA was employed by Defendants from approximately August 2022 until June 30, 2025.

49. Throughout his employment with defendants, Plaintiff MARIA MARTINEZ GUEVARA was employed at 1101-1109 Main Street, Peekskill, NY 10566 and 405 Sprout Brook Rd, Garrison, NY 10524 as a prep cook, clerk, cashier, server and general laborer.

50. Plaintiff MARIA MARTINEZ GUEVARA regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

51. Plaintiff MARIA MARTINEZ GUEVARA 's work duties required neither discretion nor independent judgment.

52. Plaintiff MARIA MARTINEZ GUEVARA regularly worked in excess of 40 hours per week.

53. From approximately August 2022 through January 2025, Plaintiff MARIA MARTINEZ GUEVARA typically worked the following typical schedule for an average of 66 hours per week:

a. Mondays: From between 11:00 A.M. until between 10:00 P.M and 11:00 P.M.

b. Tuesday: From between 11:00 A.M. until between 10:00 P.M and 11:00 P.M

c. Wednesday: From between 11:00 A.M. until between 10:00 P.M and 11:00 P.M

d. Thursday: From between 11:00 A.M. until between 10:00 P.M and 11:00 P.M

e. Friday: From between 11:00 A.M. until between 10:00 P.M and 11:00 P.M

f. Saturday: Typical Day Off

g. Sunday: From between 11:00 A.M. until between 10:00 P.M and 11:00 P.M

54. From approximately January 2025 to the end of her employment, Plaintiff MARIA MARTINEZ GUEVARA typically worked the following typical schedule for an average of 45 hours per week:

a. Mondays: From between 11:00 A.M. until between 6:00 P.M. and 7:00 P.M.

b. Tuesday: From between 11:00 A.M. until between 6:00 P.M. and 7:00 P.M

c. Wednesday: From between 11:00 A.M. until between 6:00 P.M. and 7:00 P.M

d. Thursday: From between 11:00 A.M. until between 6:00 P.M. and 7:00 P.M

e. Friday: From between 11:00 A.M. until between 6:00 P.M. and 7:00 P.M.

f. Saturday: Typical Day Off.

g. Sunday: From between 11:00 A.M. until between 6:00 P.M. and 7:00 P.M

55. Defendants paid Plaintiff MARIA MARTINEZ GUEVARA the following hourly rates without an overtime premium for hours worked over 40:

a. 2023: $12.00

b. 2024: $12.00

c. 2025: $12.00

56. No notification was given to Plaintiff regarding overtime and minimum wages under the FLSA and NYLL.

57. Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

58. Defendants never provided Plaintiff MARIA MARTINEZ GUEVARA , any notice in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59. Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor her precise hours worked and pay received thus forcing them to rely on their recollection alone and causing her to suffer the prolonged underpayment of wages by the Defendants.

60. Furthermore, the lack of proper wage documentation thwarts and compromises Plaintiff's ability to document their income and employment history.

61. Defendants paid Plaintiff in a mixture of cash and check in order to hide their wage violations.

**Defendants' Failure to Comply with the Tip Credit Rules and Regulations**

62. Defendants at all relevant times failed to honor all of the requirements necessary to apply the tip credit to Plaintiff's wages.

63. Defendant failed to give proper written notice or any proper notice that the Defendants intended to diminish his wages based on his receipt of tips.

64. Defendants routinely required Plaintiff to spend more than 20% of her shift time or two hours within a day, performing non-tipped duties such as counting inventory, travelling to other restaurant locations to obtain supplies for the day, storing supplies, cleaning, helping with food prep and other items in the restaurant, stocking inventory and supplies delivered by vendors, moving wine into storage, and more.

## SEXUAL HARASSMENT

65. Defendant Luis Galindo frequently subjected Plaintiff to unwanted sexual innuendos and forced touching.

66. His sexual harassment advanced to such a high degree that Plaintiff was constructively discharged.

67. In February of 2025, Luis Galindo brought Plaintiff into his office and told her that he had “dirty dreams” about Plaintiff while stroking my chin before issuing her pay for that week.

68. Luis Galindo gave Plaintiff an unsolicited and unwanted kiss one day when Plaintiff was returning from the 405 Sprout Brook location to the Main Street location with supplies. He took advantage of the fact that Plaintiff’s arms were full in order to force the kiss on Plaintiff.

69. Luis Galindo sent Plaintiff several unsolicited text messages that were sexual in nature including messages in sum and substance that “We have chemistry” and that “Lets let ourselves see where our bodies leave us”

70. Luis Galindo sent Plaintiff an unsolicited message of a photo stick of a penis that he deleted from WhatsApp and he stated “How ugly is that”

71. These conditions resulted in a hostile work environment that cause Plaintiff great stress, anxiety and embarrassment and ultimately her discharge.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

73. Defendants, in violation of the FLSA, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

74. Defendants' failure to pay Plaintiff(s) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff(s) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

76. Plaintiff(s) repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff(s), controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

78. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80. Defendants failed to pay Plaintiff(s) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

81. Defendants' failure to pay Plaintiff(s) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff(s) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

83. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

84. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

85. Defendants' failure to pay Plaintiff (s)overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiff(s) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEW YORK STATE LAW MINIMUM WAGE CLAIM**

87. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

88. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff(s), controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

89. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff(s) less than the minimum wage.

90. Defendants' failure to pay Plaintiff(s) the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff(s) were damaged in an amount to be determined at trial.

**<u>FIFTH CAUSE OF ACTION</u>**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

92. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

93. Defendants failed to pay Plaintiff(s) one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

94. Defendants' failure to pay Plaintiff(s) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

95. Plaintiff(s) were damaged in an amount to be determined at trial.

**<u>SIXTH CAUSE OF ACTION</u>**

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

96. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

97. Defendants failed to provide Plaintiff(s) with written notices, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

99. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

100. With each payment of wages, Defendants failed to provide Plaintiff(s) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF NYLL SECTION 215(1)(A) - RETALIATION**

102. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

103. Plaintiff engaged in a protected activity as defined by the NYLL when she

complained to Defendants about the manner in which the Defendants treated her.

104. In response to the protected activity, Defendants discharged Plaintiff because she opposed the Defendants discriminatory treatment.

105. Plaintiff served a notice of this action to the Attorney General at or before the commencement of this action.

106. Defendants discharge of the Plaintiff constituted retaliation in violation of NYLL Section 215(1)(a).

107. Such discharge was willful, malicious and otherwise in bad faith.

108. Plaintiff was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF NYC HUMAN RIGHTS LAW– DISCRIMINATORY TREATMENT

109. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

110. Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

111. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYCHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and harassing her and subjecting her to offensive, cruel and hostile environment as a condition of her employment.

112. Defendants' actions against the Plaintiff constituted discriminatory treatment, harassment in violation of NYCHRL.

113. Plaintiff suffered embarrassment, humiliation and emotion distress, *inter alia*, as a

result of her treatment by the Defendants.

114. Defendants conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

115. Plaintiff was damaged in an amount to be determined at trial.

**TENTH CAUSE OF ACTION**

**NEW YORK CITY HUMAN RIGHTS LAW – AIDING and ABETTING**

116. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

117. Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

118. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYCHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and subjecting her to a cruel and oppressive work environment as a condition of her employment.

119. Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of NYCHRL Section 8-107(6).

120. Plaintiff suffered embarrassment, humiliation, and emotion distress, *inter alia*, as a result of her treatment by the Defendants.

121. Defendants conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

122. Plaintiff was damaged in an amount to be determined at trial.

**ELEVENTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF NYCHRL**

123. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

124. Defendants unlawfully retaliated against Plaintiff by cutting her hours and ultimately discharging her, constructively or directly.

125. Defendants acted willfully and with malice and or reckless indifferent to Plaintiff rights in violation of NYCHRL Section 8-107(6).

126. Defendants were Plaintiff's employers in the economic realities of the workplace and/or directly participated or aided and abetted.

127. Defendants' acts caused Plaintiff to suffer emotional distress, as well as economic damages.

128. Defendants' conduct was willful and malicious meriting the award of punitive damages.

129. Therefore, Defendants are liable to Plaintiff for lost wages, emotional distress and other compensatory damages, prejudgment interest, post-judgment interest and attorneys fees and costs.

**TWELVETH CAUSE OF ACTION**

**NEW YORK STATE HUMAN RIGHTS LAW AND EXECUTIVE LAW – DISCRIMINATION**

130. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

131. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYSHRL and NY State Executive Law, including but not limited to Executive Law Section 296(1)(a), (6) & (7), by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and harassing her, as well as by "aiding abetting, inciting".

132. Such conduct was severe and pervasive.

133. Defendants actions against the Plaintiff constituted discriminatory treatment, harassment and retaliation in violation of NYSHRL.

134. Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL.

135. Plaintiff was damaged in an amount to be determined at trial.

## <u>THIRTEENTH CAUSE OF ACTION</u>

## RETALIATION IN VIOLATION OF NYSHRL

136. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

137. Defendants unlawfully retaliated against Plaintiff by cutting her hours and ultimately discharging her, constructively or directly.

138. Defendants acted willfully and with malice and or reckless indifferent to Plaintiff rights in violation of NYSHRL Section 296(1).

139. Defendants' acts caused Plaintiff to suffer emotional distress, as well as economic damages.

140. Defendants' conduct was willful and malicious meriting the award of punitive damages.

141. Therefore, Defendants are liable to Plaintiff for lost wages, emotional distress and other compensatory damages, prejudgment interest, post-judgment interest and attorneys fees and costs.

## FOURTEENTH CAUSE OF ACTION

## NEW YORK STATE HUMAN RIGHTS LAW – AIDING and ABETTING

142. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

143. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYSHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and subjecting her to a cruel and oppressive work environment as a condition of her employment.

144. Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of NY law.

145. Plaintiff suffered embarrassment, humiliation and emotion distress, *inter alia*, as a result of her treatment by the Defendants.

146. Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

147. Plaintiff was damaged in an amount to be determined at trial.

## FIFTEENTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT AND DISCRIMINATION IN VIOLATION OF TITLE VII

148. Plaintiff repeats and realleges each and every allegation set forth above with the

same force and effect as if set forth fully herein.

149. Plaintiff timely filed a Charge of Discrimination with the EEOC and receive a right to sue letter on July 16, 2026.

150. Defendants willfully and malicious discriminated against the Plaintiff based on her sex.

151. Defendants willfully and malicious discriminated against the Plaintiff based on her gender.

152. Defendants created a severe and pervasive hostile work environment for the Plaintiff through their outrageous discriminatory conduct.

153. Plaintiff was forced to endured harmful, offensive and distressing conduct as a condition of her employment.

154. Plaintiff was directly and/or constructively discharged.

155. Defendants' acts caused Plaintiff to suffer emotional distress, as well as economic damages.

156. Defendants' conduct was willful and malicious meriting the award of punitive damages.

157. Therefore, Defendants are liable to Plaintiff for lost wages, emotional distress and other compensatory damages, prejudgment interest, post-judgment interest and attorneys fees and costs.

## <u>SIXTEENTH CAUSE OF ACTION</u>

## RETALIATION IN VIOLATION OF TITLE VII

158. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

159. Defendants unlawfully retaliated against Plaintiff by cutting her hours and ultimately discharging her, constructively or directly.

160. Defendants acted willfully and with malice and or reckless indifferent to Plaintiff rights.

161. Defendants' acts caused Plaintiff to suffer emotional distress, as well as economic damages.

162. Defendants' conduct was willful and malicious meriting the award of punitive damages.

163. Therefore, Defendants are liable to Plaintiff for lost wages, emotional distress and other compensatory damages, prejudgment interest, post-judgment interest and attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff(s);

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff(s) damages for the amount of unpaid minimum wages and

overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff(s) liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff(s).

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff(s);

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff(s);

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff(s) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff(s) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff economic and non-economic damages, punitive damages and emotional distress damages for Defendants' sexual harassment and discharge;

(n) Awarding Plaintiff(s) pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff(s) the expenses incurred in this action, including costs and attorneys' fees;

(p) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff(s) demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
October 12, 2026

By: *_/s/ Colin Mulholland_*
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff(s)*